FILED
2025 Jul-11 PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRONZELL GLASS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 2:24-cv-1762-LCB-GMB |
| **CAPT. ROUSE,** *et al.*, | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a report recommending that Fronzell Glass's petition for writ of habeas corpus be dismissed without prejudice as unexhausted. Doc. 23. Glass filed an objection to the Magistrate Judge's report and recommendation. Doc. 24. For the following reasons, the Court finds that his objection is due to be overruled.

Glass's objection does not challenge any of the Magistrate Judge's findings and conclusions in the report and recommendation that his claims are unexhausted. Doc. 24. Instead, he makes arguments relating to his arrest, treatment in jail, constitutional violations, and a conflict of interest between the district attorney and the court reporter. Doc. 24 at 1–3. None of these arguments address his failure to exhaust.

Glass also makes arguments regarding his counsel's effectiveness. Specifically, he claims that that "his appointed counsel" was ineffective because he (1) "did not . . . inform [Glass] that his appeal was denied," (2) "did not file in [Glass's] appeal what [Glass] asked him to," (3) "filed for a certificate of service without [Glass's] consent," and (4) "did not file a Rule 32 in [Glass's] behalf." Doc. 24 at 3. While Glass indicated in his petition that he did not exhaust his claims because his lawyer was "ineffective," he did not raise an ineffective assistance of counsel claim as a specific ground for habeas relief. *See* Doc. 1 6–7, 9. Regardless, any claims of ineffective assistance of counsel are unexhausted. *See Ledford v. Warden*, 975 F.3d 1145, 1161 (11th Cir. 2020) ("Before a habeas petitioner can rely on an allegation of ineffective assistance of counsel . . . he must show that he properly raised the argument in state court, because ineffective assistance is itself a constitutional claim.") (citation omitted).

To be exhausted, Glass must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), thereby allowing the state courts the first opportunity to correct a constitutional violation. *Davila v. Davis*, 582 U.S. 521, 527 (2017); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted); *see also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal

habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."). For Glass, that means he must present his claims through an appeal to the Alabama Court of Criminal Appeals, an application for rehearing, and a petition for a writ of certiorari to the Alabama Supreme Court. *See Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). Because he has not done so, his petition is due to be dismissed without prejudice as unexhausted.

For these reasons, the Court **OVERRULES** Glass's objection. After careful consideration of the record in this case, the Magistrate Judge's report, and the petitioner's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition for writ of habeas corpus (Docs. 1, 13 & 14) is due to be **DISMISSED WITHOUT PREJUDICE**. A final judgment will be entered.

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The

3

Court finds Glass's claims do not satisfy either standard and **DENIES** a certificate of appealability to Glass.

    **DONE** and **ORDERED** July 11, 2025.

                                                  _____
                                                  **LILES C. BURKE**
                                                  UNITED STATES DISTRICT JUDGE